SARAH WEINSTEIN, Respondent, *v.* SAMUEL ERSHOWSKY, Appellant.

First Department, July 14, 1922.

**Landlord and tenant — action by tenant to recover for injuries suffered in fall on stairs — verdict against weight of evidence — trial — comments by court were prejudicial — finding of verdict for greater amount than demanded not evidence of passion or prejudice.**

In an action by a tenant to recover damages for injuries suffered when she tripped and fell on the stairs of a tenement house of the defendant, in which the negligence alleged was the condition of the stair covering, the verdict of the jury in favor of the plaintiff was against the weight of the evidence, in view of the physical facts, as shown by the photographs, negativing plaintiff's claim.

Comments by the court when he reopened the case to permit examination of a witness and comments upon a question put to the defendant when he was recalled were prejudicial and call for the reversal of the judgment and the granting of a new trial.

The fact that the jury returned a verdict for a greater amount than that demanded by the plaintiff is not evidence of passion or prejudice on the part of the jury, as the court did not charge them that the maximum of recovery could not be greater than that demanded.

APPEAL by the defendant, Samuel Ershowsky, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 1st day of December, 1921, upon the verdict of a jury for $15,000, which was reduced by the court to $10,000, and also from an order entered in said clerk's office on the 5th day of December, 1921, denying defendant's motion for a new trial made upon the minutes.

*Phillips, Jaffe & Jaffe* [*Daniel Day Walton* of counsel; *Moses Jaffe* with him on the brief], for the appellant.

*Nathan Gordon* [*George M. Curtis, Jr.*, of counsel; *Harold R. Medina* and *Leander I. Shelley* with him on the brief], for the respondent.

DOWLING, J.:

The plaintiff herein was a tenant of the defendant in a tenement house owned by him at 218 Delancey street, city of New York.

She claims that on September 11, 1919, while lawfully and properly using one of the staircases of the premises, she tripped and fell by reason of the covering thereon being in an old, worn, torn, broken and defective condition, and sustained injuries for which she has recovered herein. In our opinion the verdict is against the weight of evidence on the issue of defendant's negligence. Further, errors were committed upon the trial which would in any event necessitate the reversal of the judgment and the granting of a new trial. Among these errors were the comments of the learned trial court when he reopened the case to permit the examination of the witness Bergenthal; his comments upon a question put to the defendant when he was recalled and was being examined by his counsel, and other remarks during the course of the trial. All of these incidents undoubtedly prejudiced the defendant in the minds of the jury and must have influenced their verdict, in view of the physical facts negativing plaintiff's claim, as shown by the photographs herein. The verdict returned by the jury was for $15,000, while the amount claimed in the complaint was only $10,000. But this was not an indication of passion or prejudice upon their part, inasmuch as the learned trial court had not charged them what the maximum of recovery could be, and neither counsel had called his attention to the oversight or asked him to charge upon that subject.

The judgment and order appealed from should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and GREENBAUM, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.